UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CV-2654 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| DEBORAH BRABANT-SCRIBNER, | |
| Defendant. | |

Gretchen Ellen Nygaard, UNITED STATES DEPARTMENT OF JUSTICE, for plaintiff.

Deborah Brabant-Scribner, pro se, defendant.

The United States filed this tax-judgment suit against Deborah Brabant-Scribner in October 2022. *See* Compl., ECF No. 1. When Brabant-Scribner answered the complaint in November 2022, she brought a counterclaim seeking reimbursement for funds that the IRS allegedly obtained from her. *See* Answer ¶¶ 20–24, ECF No. 5. She also raised the following as affirmative defenses:

> Plaintiff informed Defendant they were releasing the lien and not pursuing the matter any further.
>
> This matter is approaching 10 years, and Plaintif failed to timely proceed and the case should be dismissed as a result of laches.

*Id.* ¶¶ 18–19.

The matter is now before the Court on the motions of the United States to dismiss Brabant-Scribner's counterclaim, ECF No. 7, and to strike her affirmative defenses. ECF No. 15. The United States filed its motions in December 2022, and Brabant-Scribner has not responded to them. The United States has suggested that Brabant-Scribner may be seriously ill or incapacitated, and the parties have not communicated directly since December. *See* Mem. Supp. Mot. Stay 3, ECF No. 28. The deadlines set out in the pretrial scheduling order have accordingly been stayed, *see* Order, ECF No. 32, but the instant motions have remained pending. For the reasons stated below, the Court will grant the motion to dismiss Brabant-Scribner's counterclaim and will grant in part and deny in part the motion to strike.

I. ANALYSIS

*A. Motion to Dismiss Counterclaim*

The United States has moved to dismiss Brabant-Scribner's counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, arguing that the government has not waived sovereign immunity to the claim. When deciding a motion under Rule 12(b)(1), a court "must distinguish between a 'facial attack' and a 'factual attack'" on the court's jurisdiction. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). In ruling on a facial attack, the court "restricts itself to the face of the pleadings and the

non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6. "Conversely, in a factual attack, 'the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Branson Label*, 793 F.3d at 914–15 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Here, the United States is raising a factual challenge to the Court's jurisdiction.

In seeking reimbursement for an alleged overpayment of taxes, Brabant-Scribner is in effect making a claim for a tax refund. But "[t]he United States has given its consent to be sued for refunds of federal taxes in a carefully articulated statutory scheme, otherwise sovereign immunity would bar such a suit." *Hansen v. United States*, 248 F.3d 761, 763 (8th Cir. 2001). Specifically, in order for a refund claim to fall within the government's waiver of sovereign immunity, "the taxpayer must have paid the disputed tax in full and have 'duly filed' an administrative claim for a refund." *Id.* at 764 (citing *United States v. Dalm*, 494 U.S. 596, 602 (1990)).

Brabant-Scribner does not allege that she paid her allegedly erroneous tax bills in full or that she pursued any administrative remedies in search of a refund. Moreover, the government has submitted evidence that Brabant-Scribner has taken neither step, and Brabant-Scribner has not disputed that evidence. *See generally* Johnson Decl., ECF

No. 12. Thus, the United States has not waived the sovereign immunity that bars Brabant-Scribner's counterclaim, and that counterclaim must be dismissed for lack of subject-matter jurisdiction.

*B. Motion to Strike Affirmative Defenses*

The United States also moves to strike Brabant-Scribner's affirmative defenses under Fed. R. Civ. P. 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike under 12(f) is generally disfavored as "an extreme measure," *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000), and a "motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citation omitted). That said, a court may strike an affirmative defense where "it is foreclosed by prior controlling decisions or statutes." *Holt v. Quality Egg, L.L.C.*, 777 F. Supp. 2d 1160, 1169 n.5 (N.D. Iowa 2011) (citing *United States v. Dico, Inc.*, 266 F.3d 864, 879–80 (8th Cir. 2001)).

The United States argues that Brabant-Scribner's affirmative defenses must be stricken because the defense of laches may not be asserted against it. The government is is correct: "laches is unavailable against the United States when it is proceeding in its sovereign capacity," *United States v. Hamed*, 976 F.3d 825, 831 (8th Cir. 2020) (cleaned

up), which is the case here. *See also United States v. Brown*, 835 F.2d 176, 180 (8th Cir. 1987) ("[T]he defenses of limitations and laches cannot be asserted against the sovereign."); *United States v. Wurdemann*, 663 F.2d 50, 51 (8th Cir. 1981) (finding laches inapplicable in tax-judgment suit). The laches defense raised in Paragraph 19 of Brabant-Scribner's answer will therefore be stricken.

The Court will not, however, strike the affirmative defense asserted in Paragraph 18 of the answer, in which Brabant-Scribner appears to assert a form of estoppel against the government.[1] *See* Answer ¶ 18 ("Plaintiff informed Defendant they were releasing the lien and not pursuing the matter any further."). Granted, Brabant-Scribner's presentation of the defense is not a model of clarity, and her odds of successfully estopping the government are low. *See Morgan v. Comm'r*, 345 F.3d 563, 566 (8th Cir. 2003) (explaining that "a party seeking to estop the government must first establish that it engaged in affirmative misconduct," which is "a heavy burden to carry"). But the plausibility requirement of Rule 8(a)(2) does not apply to affirmative defenses pleaded in an answer. *See Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051–52 (D. Minn. 2010). Rather, a defense will not be stricken so long as it "fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at

---

[1]The United States "charitably" interprets Paragraphs 18 and 19 as raising a single defense of laches—a defense that, as noted, does not apply against the United States. Mem. Supp. Mot. Strike 3, ECF No. 18. But paragraph 18 appears to the Court to raise an estoppel defense, not a laches defense.

229. The Court finds that the estoppel defense pleaded by Brabant-Scribner clears this low hurdle and therefore will not be stricken.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to dismiss defendant's counterclaim [ECF No. 7] is GRANTED. Defendant's counterclaim is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motion to strike defendant's affirmative defenses [ECF No. 15] is GRANTED IN PART AND DENIED IN PART.

    a. The motion to strike is GRANTED as to defendant's affirmative defense of laches. The affirmative defense set forth in ¶ 19 of defendant's answer [ECF No. 5] is stricken.

    b. The motion is DENIED in all other respects.

Dated: May 16, 2023

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court